Hammer, J. (dissenting).
Petition by landlord housing authority for dispossession of tenant.
This is the so-called lease agreement.
*172 ‘ ‘ Resident Monthly Lease Agreement
“ The New York City Housing Authority (herein called the Landlord ’) in consideration of the rental herein provided, and of the representations made by Jacob Russ, (herein called the Tenant ’) as set forth in his signed application, his receipt of and his undertaking to comply with all the Rules and Regulations of the New York City Housing Authority, hereby leases to the Tenant, and the Tenant hereby hires from the Landlord, Apartment No. 34-1B in premises 384 Madison St., in the Borough of Manhattan, City of New York, for a term of one (1) month, beginning the first day of April, 1950, and terminating at midnight on the 30th day of April, 1950, at a rental of Twenty-five and 20/100 Dollars ($25.20) per month, due the first day of April, 1950 and payable such day of each month as the Landlord may decide. The above rental includes gas and electricity not in excess of a quantity which the Authority in its discretion will fix, and may from time to time change.
‘ ‘ This lease, unless terminated as hereinafter provided, shall automatically be renewed for successive terms of one (1) month each.
‘ ‘ The Landlord or the Tenant may each terminate this lease and tenancy at the end of any monthly term by giving to the other one month’s prior notice in writing.
“ Any notice to the Tenant served pursuant to this agreement will be sufficient if delivered to the Tenant personally or sent by mail to his premises, or affixed to the door of his premises. Any notice to the Landlord served pursuant to this agreement will be sufficient if delivered to the Manager personally or sent by mail to the Management Office located in the development.”
Note that the monthly tenancy, although automatically renewable, may be terminated by the landlord by “ one month’s prior notice in writing ”, no reason being stated in the lease for such termination.
But the ‘ ‘ lease agreement ’ ’ is only a part of the actual agreement, for it appears by the following “ rules and regulations ” that every tenant is required to comply with twenty-four paragraphs of rules and regulations. Further by section 1 of landlord’s resolution relating to termination of tenancy, etc., it is provided: “ Policy and Purpose. It is the purpose and intent of this resolution to establish (1) the grounds upon which dwelling tenancy may be terminated in all of the projects now operated and to be operated hereafter by the Authority, except site properties and rehabilitated additions, (2) administrative *173 machinery for the determination of whether grounds for such termination of tenancy exist which will (i) safeguard dwelling tenants against arbitrary action and (ii) assure that only those tenants will continue occupancy who meet their rental obligations and the standards of eligibility fixed by law and by the resolutions and regulations of the Authority, and (3) the authorization for termination of dwelling tenancy in site properties and rehabilitated additions Among said grounds for termination are breach of rules and regulations, nondesirability causing ineligibility for further occupancy, excess income, nonco-operation, etc.
The landlord authority pleads in its petition herein as grounds for the eviction:
‘ ‘ 6. The conduct or behavior of the tenant or a member of the tenant’s family or a person occupying the premises of the tenant is objectionable in that it imperils the health, safety or morals of his neighbors and the community, and is a source of danger to the premises or to the property of the Authority, and causes danger to the peaceful occupancy of the other tenants, and constitutes a nuisance.
‘ ‘ 7. The Tenant has accordingly become ineligible for further occupancy in the premises, and the Authority is required to remove him therefrom.
‘ ‘ 8. The Authority has heretofore duly made a determination, in accordance with the procedures established by its rules and regulations, that the Tenant is ineligible for further occupancy in the premises.
“ 9. The term for which said premises were hired by said Tenant has expired, and that the said Jacob Russ Tenant holds over and continues in possession of said premises without the permission of the Authority after the expiration of said Tenant’s term therein.
‘ 10. At least 30 days before the expiration of the term aforesaid, there was served upon said Tenant, in the same manner in which a precept in summary proceedings is now allowed to be served by law, or as provided in said agreement, a notice in writing, a copy of which with proof of service is hereto annexed and made a part of this petition, that the said Landlord elected to terminate the said tenancy, and that unless the said Tenant removed from said premises on or before the day on which the said term expired, the Landlord would commence summary proceedings under the Statute to remove said Tenant therefrom. Your petitioner is duly authorized to institute and maintain these proceedings to dispossess the said Tenant and those claiming possession under said Tenant.”
*174 In support of the aforesaid conelnsory grounds for the eviction of the tenant no facts are pleaded, nor were any facts proved on the trial to sustain said grounds.
The summary statute (Civ. Prac. Act, § 1415) provides: “ Contents of petition. The applicant must present to the judge or justice a written petition verified in like manner as a verified complaint in an action, describing the premises of which the possession is claimed and the interest therein of the petitioner or the person whom he represents, stating the facts which, according to the provisions of this article, authorize the application by the petitioner and the removal of the person in possession ”.
Although the housing landlord may be permitted under the authority statute to evict the tenant on the grounds pleaded, it cannot maintain a dispossess proceeding without complying with the requirements of the summary statute. Otherwise the court has no jurisdiction of the subject matter.
Pinal order should be modified by dismissing the proceeding, without prejudice, and, as modified, affirmed, with $25 costs.
Hoestadter, J., concurs; Hammer, J., dissents in memorandum and votes for affirmance.
Pinal order reversed, etc.